IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HUMAN RIGHTS DEFENSE CENTER                                                    PLAINTIFF

V.                                    CASE NO. 17-CV-01064

UNION COUNTY, ARKANSAS, *et al.*
                                                                              DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. ECF No. 20. Plaintiff has filed a response. ECF No. 26. Defendants have filed a reply. ECF No. 30. The Court finds this matter ripe for consideration.

## BACKGROUND

This case concerns the constitutionality of the postcard-only policy in force at the Union County Detention Center ("UCDC") in Union County, Arkansas. Plaintiff Human Rights Defense Center (hereinafter "Plaintiff" or "HRDC") is a not-for-profit organization that seeks to "educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society." ECF No. 1, ¶ 10. HRDC, through its publishing project Prison Legal News ("PLN"), publishes a 72-page monthly magazine entitled *Prison Legal News: Dedicated to Protecting Human Rights*. ECF No. 1, ¶ 17. Plaintiff states that *Prison Legal News* is widely distributed to approximately 2,600 correctional facilities across the United States, including facilities in all fifty states. ECF No. 1, ¶ 18. Plaintiff states that PLN also publishes and/or distributes various books "designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics" that may be of

interest to prisoners. ECF No. 1, ¶ 19. Plaintiff claims that it also sends prisoners informational brochure packets and important judicial opinions. ECF No. 1, ¶ 20.

Plaintiff alleges that the UCDC mail policy only allows UCDC inmates to "receive 3x5 or 4x6 postcards as incoming mail." ECF No. 1, ¶ 23. Plaintiff contends that this policy "effectively [bans] all enveloped correspondence, books and magazines sent by HRDC and others" to UCDC inmates. ECF No. 1, ¶ 22. Plaintiff states that since June 2017, Defendants have "censored" at least fifty-three items sent by Plaintiff to UCDC inmates and that in many instances these items have been returned to Plaintiff via the "Return to Sender" service of the United States Postal Service. ECF No. 1, ¶¶ 24, 25. Many of these returned items were marked as follows:

Union County Sheriff's Dept.
Return to Sender
Reason: Post Cards Only

ECF No. 1, ¶ 24.

Plaintiff claims that Defendants failed to provide a penological justification for the rejection of HRDC materials, failed to give "meaningful notice" of the rejection, and failed to provide Plaintiff with an opportunity to challenge the rejection of HRDC materials. ECF No. 1, ¶¶ 26, 27. Plaintiff claims it "has a right under the Due Process Clause of the Fourteenth Amendment to receive notice and an opportunity to object and/or appeal Defendants' decisions to prevent HRDC's mail from reaching prisoners held in the UCDC" and that the UCDC postcard-only policy violates these rights. ECF No. 1, ¶ 45. Plaintiff also claims that these "restrictions on written speech sent to prisoners at the UCDC are not rationally related to any legitimate penological interest and violate HRDC's First Amendment right to communicate its speech with prisoners." ECF No. 1, ¶ 28.

Plaintiff sues the individual Defendants in both their official and individual capacities and seeks declaratory relief, injunctive relief, nominal damages and compensatory damages. ECF No. 1, ¶ 42. Plaintiff also seeks punitive damages against the individual Defendants in their individual capacities. ECF No. 1, ¶ 42.

## DISCUSSION

In the instant motion, Defendants move the Court to dismiss Plaintiff's individual capacity claims, asserting that the individual Defendants are entitled to qualified immunity.

Determining whether a defendant is entitled to qualified immunity requires a two-step inquiry. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). First, the court must determine whether the plaintiff has alleged a deprivation of a constitutional right. *Cox v. Sugg*, 484 F.3d 1062, 1065 (8th Cir. 2007). If so, the court must decide whether the implicated right was clearly established at the time of the deprivation. *Jones*, 675 F.3d at 1161 (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)). "Clearly established" means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, (1987)). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Smith v. City of Minneapolis*, 754 F.3d 541, 546 (8th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Defendants do not appear to argue that Plaintiff has failed to state a constitutional claim generally, but instead contend that the constitutional rights implicated were not clearly established at the time of the deprivation. Accordingly, the Court must determine whether Plaintiff's First Amendment and Fourteenth Amendment rights were clearly established at the time of the alleged deprivation. The Court will first address Plaintiff's First Amendment claims and then turn to Plaintiff's Fourteenth Amendment claims.

3

### I. First Amendment

Defendants argue that "the law was not clearly established in 2017 to the point that these Defendants knew or should have known that enforcing Union County Detention Center's postcard-only [policy] violated HRDC's First Amendment rights." ECF No. 21, p. 3. Defendants cite two recent opinions from the Western District of Arkansas to support this position: *Brown v. Hickman*, 2015 WL 1097392 (W.D. Ark. March 11, 2015) and *Human Rights Defense Center v. Baxter County, Arkansas, et al.*, 3:17-CV-03070, ECF No. 49 (Dec. 5, 2017).[1] In response, Plaintiff does not explicitly argue that its First Amendment rights allegedly violated by Defendants were clearly established. However, Plaintiff does note that Defendants rely on the recent *Baxter County* order, but contend that Defendants' reliance on *Baxter County* is misplaced, stating that "the analysis in that decision is flawed." ECF No. 26, p. 3.

The Court must now determine whether Plaintiff's First Amendment rights were clearly established at the time of the alleged deprivations that occurred in 2017. As Defendants point out, this issue has twice been considered by courts in the Western District of Arkansas. In *Brown v. Hickman* the plaintiff claimed that the post-card only mail policy of the Boone County, Arkansas, Detention Center violated his First Amendment rights. 2015 WL 1097392, *1. At the time of the *Brown* decision, the court noted that there were no Eighth Circuit decisions directly addressing the constitutionality of postcard-only policies. 2015 WL 1097392, *9. However, the court noted that district courts outside of the Eighth Circuit had come to divergent opinions on

---

[1] As noted above, Defendants have also filed a reply. In their reply, Defendants again cite *Baxter County* in support of their position and also note the recent decision in *Simpson v. County of Cape Girardeau, Mo.*, 879 F.3d 273 (8th Cir. 2018), in which the Eighth Circuit held that the defendant's postcard-only incoming-mail policy is constitutional. ECF No. 30. However, the *Simpson* Court did not look at the issue of qualified immunity. Defendants further state that, based on *Simpson*, the "Court now has a clear framework replete with compelling precedent from the 8th Circuit to grant the Defendants Motion to Dismiss in addition to granting qualified immunity to the individual Defendants." ECF No. 30, pp. 3-4. The Motion to Dismiss presently before the Court only appears to concern Plaintiff's individual capacity claims. As such, the Court will only address the propriety of dismissal of Plaintiff's individual capacity claims at this time.

the constitutionality of postcard-only policies. *Id*. (collecting cases). Accordingly, the court held that the defendants were entitled to qualified immunity, finding that "no clearly established law regarding a 'postcard only' mail policy existed at the time [the defendants] instituted the Policy at issue and therefore, a reasonable official would not have understood this policy to be unlawful in this situation." *Id*. at *9.

In *Human Rights Defense Center v. Baxter County, Arkansas, et al.*—an almost identical case currently pending in the Harrison Division of the Western District of Arkansas in which the HRDC is challenging the postcard-only policy of the Baxter County, Arkansas, Jail and Detention Center on First and Fourteenth Amendment grounds—the Honorable Timothy L. Brooks recently found that the defendants were entitled to qualified immunity in regard to the plaintiff's First Amendment and Fourteenth Amendment claims. 3:17-cv-03070, ECF No. 49. Judge Brooks relied heavily on *Brown* in granting qualified immunity in regard to HRDC's First Amendment claims, noting that the courts that have addressed the issue have come to different conclusions as to the constitutionality of postcard-only policies. Judge Brooks stated that "[g]iven the Court's review of case law in this area, the constitutionality of this type of policy is certainly, at best, a gray area" and was not clearly established in August 2016. Accordingly, the clear precedent in this District supports a finding that Defendants are entitled to qualified immunity on this claim.

As noted above, Judge Brooks found that the law surrounding this issue was not clearly established as of August 2016. Likewise, there is nothing to indicate that the law was any clearer as of 2017 when the alleged deprivations occurred. As previously noted, the Eight Circuit recently found that the post-card only policy of the Cape Girardeau County Jail was constitutional. *See Simpson*, 879 F.3d 273. Accordingly, upon consideration and review of the applicable caselaw, the Court finds that the law was not clearly established at the time of the

5

alleged deprivations and, therefore, Defendants are entitled to qualified immunity in regard to Plaintiff's First Amendment individual capacity claims. Thus, Plaintiff's individual capacity damage[2] claims for alleged First Amendment violations should be dismissed.

## II. Fourteenth Amendment

Defendants also assert they are entitled to qualified immunity in regard to Plaintiff's individual capacity Fourteenth Amendment claims. Defendants assert that the UCDC postcard-only policy is content-neutral and "no individualized determination has to be made" regarding the materials Plaintiff has sent to inmates at the UCDC. Accordingly, Defendants contend that this case is "not analogous to the true censorship cases which have considered due process violations." ECF No. 21, pp. 4-5. Defendants again cite Judge Brooks's recent *Baxter County* order in support of their position.

In response, Plaintiff asserts that the law on this issue is clearly established and that Defendants' reliance on the reasoning and findings of the *Baxter County* order is misplaced, claiming that "the analysis in that decision is flawed." ECF No. 26, p. 3. Plaintiff states that "[n]umerous courts have held that prisons and jails must provide notice and an opportunity to appeal when rejecting mail sent to the facility." ECF No, 26, p. 4. Plaintiff claims that these due process rights "attach even when the rejection is pursuant to routine enforcement of a content-neutral rule of general applicability." ECF No. 26, p. 4.

In *Baxter County* Judge Brooks was faced with the same situation currently before the Court. In finding that the *Baxter County* defendants were entitled to qualified immunity in regard to the HRDC's Fourteenth Amendment claims, Judge Brooks noted that the cases cited by

---

[2] Plaintiff also seeks injunctive and equitable relief. Qualified Immunity does not apply to claims for injunctive or equitable relief. *See Mead v. Palmer*, 794 F.3d 932, 937 (8th Cir. 2015); *see also Burnham v. Ianni*, 119 F.3d 668, 673, n.7 (8th Cir.1997) (en banc) (explaining that an appeal from the denial of qualified immunity implicated only liability for money damages and that qualified immunity would not protect the defendant from claims for injunctive or other equitable relief); *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir.1994) (stating that "qualified immunity does not apply to claims for equitable relief").

HRDC in support of their claims all dealt with situations "where the specific pieces of challenged mail had been rejected pursuant to prison policies after an individualized, content-specific determination as to whether the publication was acceptable." 3:17-cv-03070, ECF No. 49, p. 11. Upon consideration and reflection, Judge Brooks stated that:

> Here, it is undisputed that no individualized determination has to be made of any of the content of the numerous unsolicited publications that HRDC sought to send to prisoners at the BCDC. The postcard-only policy applies in a neutral fashion, across the board, and without regard to content or the sender of the mailing. It does not take an individualized determination based upon the contents of the mailings to determine that books and 72-page editions of Prison Legal News are not postcards. This case is, at bottom, simply not analogous to the true censorship cases noted above where stringent due process protections have been afforded to publishers.

3:17-cv-03070, ECF No. 49, p. 12. Furthermore, citing opinions where courts have required certain procedural safeguards, *see*, *e.g.*, *Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (finding that subscription-based mail must be afforded the same procedural protections as other types of allowed mail); *Montcalm Pub. Corp. v. Beck*, 80 F.3d 105, 109 (4th Cir. 1996) (finding that publishers were entitled to notice and an opportunity to be heard where the prison regulation banned inmate access to publications that had been deemed by prison officials to be obscene), Judge Brooks noted that:

> neither in any of these cases nor in any other set of cases has the Court found a consensus position as to whether and how much process is due before a jail or prison may reject incoming unsolicited publications based on content-neutral, generally applicable regulations like a postcard-only policy. A short sampling of additional cases illustrates that there is no clearly established law on this precise legal question. *See*, *e.g.*, *Prison Legal News v. Jones*, 2015 WL 12911752, at *25 (N.D. Fla. Oct. 5, 2015) (finding that a publisher must know the grounds upon which its publication has been rejected and must have a reasonable opportunity to protest); *Van Den Bosch v. Raemisch*, 2009 WL 4663134, at *3-*5 (W.D. Wis. Dec. 1, 2009) (questioning whether due process protections even apply, but nevertheless finding that receiving 35 notices of non-delivery out of 250 total rejected copies was not a due process violation); *Cox v. Denning*, 2014 WL 4843951, at *13 (D. Kan. Sept. 29, 2014) (finding no clearly established law on the constitutionality of a postcard-only mail policy as it applies to non-pre-approved, non-privileged

mail); *Simpson v. Cnty. of Cape Girardeau,* 202 F. Supp. 3d 1062, 1071 (E.D. Mo. 2016) (finding that a jail's postcard-only policy did not violate either the First or Fourteenth Amendments).

*Id.* at 13.

Upon reviewing the parties' briefs and the *Baxter County* order and supporting caselaw, the Court concludes the law surrounding this issue was not clearly established at the time of the alleged deprivations. The Court finds Judge Brooks' reasoning in *Baxter County* sound and very persuasive. Likewise, the situation in *Baxter County* is analogous to the present situation. Here, as in *Baxter County*, Plaintiff's unsolicited materials were rejected based on a content-neutral postcard-only policy. Defendants did not need to review the content of the mailings to determine that they did not comply with that policy, as the materials clearly were not 3x5 or 4x6 postcards. Accordingly, the Court finds Defendants are entitled to qualified immunity in regard to Plaintiff's Fourteenth Amendment individual capacity claims. Plaintiff's individual capacity damage claims asserted against Defendants for alleged Fourteenth Amendment violations should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 20) should be and hereby is **GRANTED**. Accordingly, Plaintiff's individual capacity claims for damages should be and hereby are **DISMISSED WITH PREJUDICE** as Defendants are entitled to qualified immunity.

**IT IS SO ORDERED**, this 17th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge