IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HUMAN RIGHTS DEFENSE CENTER                                                           PLAINTIFF

v.                                      Case No. 1:17-cv-1064

UNION COUNTY, ARKANSAS, *et al.*                                                    DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Stay. ECF No. 65. Plaintiff has responded. ECF No. 53. The Court finds the matter ripe for consideration.

**BACKGROUND**

Plaintiff filed this action on October 30, 2017. ECF No. 1. Plaintiff brought claims against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff alleged violations of its rights under the First Amendment and Fourteenth Amendment related to the Union County, Arkansas policies regarding incoming mail directed at prisoners detained at the Union County Detention Center ("UCDC"). *Id*. at p. 5-11. Plaintiff alleges that the UCDC's policies that only permit postcard-sized mail for prisoners violates their First Amendment rights and that UCDC's failure to provide notice of rejected mailing and an opportunity to appeal any rejection violates their rights under the Due Process Clause of the Fourteenth Amendment. *Id*. at p. 9-11.

Prior to the action in this Court, on August 21, 2017, Plaintiff filed a similar action against Baxter County, Arkansas regarding the mail policies at the Baxter County Detention Center ("BCDC").[1] After a bench trial (Baxter: ECF Nos. 95, 95, 96), Judge Timothy L. Brooks dismissed the Baxter County action with prejudice (Baxter ECF Nos. 104, 105). Plaintiff filed an appeal of Judge Brooks' dismissal (Baxter: ECF No. 109), which the Eighth Circuit agreed to hear

---

[1] *See Human Rights Def. Ctr. V. Baxter Cnty., Ark.* (W.D. Ark. Case No. 3:17-cv-3070-TLB). Further references to the docket in the Baxter County action will be referenced as "Baxter: ECF No. __."

(Baxter: ECF No. 111). On May 30, 2019, the parties in the instant action filed a Joint Motion to Stay, arguing that the resolution of the appeal and issues in the Baxter County action could significantly impact the instant action. ECF No. 42. The Court subsequently granted the parties' motion to stay, with the directive that the parties file a motion to reopen the case within ten days of the Eighth Circuit's ruling in the Baxter County action. ECF No. 43.

The Eighth Circuit held that Judge Brooks erred in not making a factual determination on whether the BCDC's policy resulted in a "de facto" ban on prisoners receiving Plaintiff's publications. *Human Rights Defense Center v. Baxter County Arkansas*, 999 F.3d 1160, 1165-66 (8th Cir. 2021). Therefore, the Eighth Circuit vacated the dismissal of Plaintiff's First Amendment claim and remanded for further proceedings on the issue of whether the BCDC's policy constituted a de facto ban on prisoner's receiving Plaintiff's publication. *Id*. at 1166. The Eighth Circuit also affirmed Judge Brooks' grant of summary judgment to Baxter County regarding Plaintiff's Procedural Due Process claim, holding that Plaintiff's eventual knowledge of the reason for refused mailing was sufficient to put Plaintiff on notice that further non-postcard mailings would also be rejected. *Id*. at 1167-68. Upon remand, on April 6, 2022, Judge Brooks set a new trial date in the Baxter County action for September 19, 2022. Baxter: ECF No. 136. The instant action was re-opened on September 14, 2021 (ECF No. 45), and the trial in this matter was subsequently set for October 3, 2022 (ECF No. 51).

On June 13, 2022, Defendants moved to have this matter stayed to allow for the resolution of the Baxter County suit which Defendants claimed was effectively identical to the instant case. ECF No. 52. Defendants argued that the determination of the Baxter County matter would be highly instructive in this matter and that considerations of judicial economy favored issuing a stay. *Id*. The Court denied the previous motion, finding that Defendants' bare assertion of the identical

nature of the two separate suits was not enough to convince the Court to stay this matter. ECF No. 59. The Court stated that Defendants could renew their motion to stay and attempt to provide a detailed comparison of the separate matters that was lacking in the prior motion. *Id*.

## DISCUSSION

On August 22, 2022, Defendants filed the instant motion with their renewed request to stay this matter. ECF No. 65. Defendants argue that a comparison between the complaints, affidavits, and statements of facts submitted by Plaintiff in both matters demonstrates the factual congruence between the suits. ECF No. 66, p. 2-3. Specifically, Defendants contend that examining the filings in each suit demonstrates that the only factual distinction is the differing number of mail items from Plaintiff that were refused by the separate county jails. *Id*. Defendants also note that the affidavits supporting Plaintiff's factual assertions in each suit are from the same individual, Paul Wright, and that the affidavits are also nearly identical apart from the alleged number of refused mailings. *Id*. Therefore, Defendants conclude that the conclusions of the upcoming Baxter County trial will result from a factual scenario identical to the instant case and that the interests of judicial economy support staying this matter to await the guidance of the decision in the Baxter County matter. *Id*. at p. 4-5. Defendants further contend that the possibility of the decision reached in the Baxter County suit being appealed again also supports the Court staying this matter until final resolution is reached in the Baxter County suit. *Id*. at p. 4.

Plaintiff responded in opposition. ECF No. 68. Plaintiff argues that Defendants failed to even attempt to show how the various factors to consider when evaluating a request for a stay support granting Defendants' request. *Id*. at p. 1-2. Specifically, Plaintiff contends that Defendants have made no showing that they will succeed on the merits and that public interest considerations favor a resolution to this matter because it involves an alleged ongoing violation of

constitutional rights. *Id*. at p. 2. Plaintiff further argues that Defendants' utilization of electronic kiosks and tablets in the Union County jail for the sorting and distribution of mail and other outside materials creates a factual distinction between this matter and the Baxter County matter. *Id*. Noting that the analysis necessary for its First Amendment claim is very fact intensive and focuses on the policies of the individual entity in each matter, Plaintiff contends that this factual distinction means that the Court cannot rely on the outcome of the Baxter County matter. *Id*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996) (discussing the district court's "broad discretion to control the scheduling of events in matters on its docket"). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 72 F.3d at 254-55. The factors a court should consider when faced with a request to stay a proceedings are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

The Court again finds that it cannot grant Defendants' request for a stay of this matter. The fact that Defendants utilize an electronic system of mail distribution creates a factual distinction between this matter and the Baxter County matter. That distinction may be small and might not ultimately lead to a different outcome in this matter. However, in light of this distinction, the factually intensive analysis of the UCDC's policies required for the First Amendment claim makes the Court unwilling to further prolong trial in order to defer to the outcome of the Baxter County

4

trial. *See Human Rights Defense Center v. Baxter County Arkansas*, 999 F.3d 1160, 1164-66 (8th Cir. 2021); *Simpson v. County of Cape Girardeau, Missouri*, 879 F.3d 273, 282 (8th Cir. 2018). Likewise, the mere possibility of the Baxter County suit being appealed again does not persuade the Court to further delay a resolution to this matter, as it has been pending for nearly five years with a stay already granted because of a prior appeal. Therefore, the Court finds that the potential for judicial economy to be served by awaiting the result of the Baxter County trial does not outweigh the necessity of fully analyzing the factual distinction in this matter and reaching a separate resolution.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion to Stay (ECF No. 65) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 14th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge