IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HUMAN RIGHTS DEFENSE CENTER                                                                    PLAINTIFF

v.                                            Case No. 1:17-cv-1064

UNION COUNTY, ARKANSAS, *et al.*                                                             DEFENDANTS

## ORDER

Before the Court is Plaintiff Human Rights Defense Center's ("HRDC") Motion in Limine. ECF No. 71. Defendants have responded. ECF No. 76. The Court finds the matter ripe for consideration.

## DISCUSSION

Plaintiff HRDC brings claims against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated its First and Fourteenth Amendment rights through the implementation of the mail policy at the Union County, Arkansas jail. Plaintiff now moves to preclude Defendants from bringing forth certain testimony, evidence, and references during the trial in this matter. Plaintiff makes seven specific requests for exclusion, arguing that the matters are barred by the Federal Rules of Evidence because they are not relevant to the issues at trial while also being overly prejudicial. The trial in this matter is set to commence on March 6, 2023.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The purpose of Rule 403 is to "exclude matter of scant or cumulative probative

force, dragged in by the heels for the sake of its prejudicial effect." *Bryant v. Mascara*, 800 F. App'x 881, 887 (11th Cir. 2020) (quotation omitted). "In evaluating probative value, we consider how essential the evidence is to proving a relevant point: evidence which is inessential and only introduced to bolster other evidence will be weighed less heavily against its potential prejudicial effect" *Id*. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The Court will now examine each of Plaintiff's requests for exclusion.

**1. Paul Wright Conviction**

Plaintiff seeks to bar "any testimony, evidence, or reference by defense counsel to the fact that HRDC's Executive Director, Paul Wright, was convicted of murder or that he served time in prison." Pursuant to Rule 609(b), Plaintiff argues that Mr. Wright's conviction in 1987 and release from confinement in 2003 clearly indicates that his conviction is beyond the ten-year period in which a criminal conviction may be used for impeachment purposes. Plaintiff further argues that whatever probative value the conviction has does not substantially outweigh the prejudice that would occur if counsel for Defendants are permitted to reference the conviction. Plaintiff also notes that Defendants have not given notice in writing that they intent to use the conviction, which is required under Rule 609(b)(2). Defendants argue that Mr. Wright's conviction is clearly indicative of his credibility as a witness and therefore the jurors are entitled to be informed about it. Defendants do not contest that they have not given written notice to Plaintiff regarding their intent to use Mr. Wright's prior conviction to attack his credibility as a witness.

A witness' prior criminal conviction is generally admissible for attacking that witness' character for truthfulness if the crime involved a dishonest act or the probative value outweighs its prejudicial effect. Fed R. Evid. 609(a). However, if the conviction or release from confinement occurred more that ten years prior, "evidence of the conviction is admissible only if: (1) its

probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

The Court finds that Plaintiff has shown good cause to preclude Defendants from referencing Mr. Wright's conviction at trial. Mr. Wright's release from confinement was greater than ten years prior to the trial in this matter, which makes any reference to it made by Defendants subject to Rule 609(b). Reference to his conviction could have a significant prejudicial effect. While Defendants have argued that the conviction gives significant insight into Mr. Wright's lack of credibility as a witness, they have not demonstrated how its probative value for his credibility "substantially" outweighs its prejudicial effect to comply with Rule 609(b)(1). Defendants have similarly failed to comply with Rule 609(b)(2)'s requirement to give Plaintiff prior written notice of their intent to use Mr. Wright's conviction at trial to attack his credibility. Accordingly, Plaintiff's request to bar Defendants from referencing, introducing evidence, or eliciting testimony regarding Mr. Wright's conviction is hereby **GRANTED**.

**2. Prior Lawsuits by HRDC**

Plaintiff seeks to bar "most testimony, evidence, or reference by defense counsel that Plaintiff, either as HRDC or under its predecessor name Prison Legal News, has filed other lawsuits against other jails and prisons[.]" Plaintiff requests that the only evidence of prior lawsuits that should be admitted is the number of cases for which Plaintiff's expert witness, John L. Clark, has been hired to assist Plaintiff. Plaintiff argues that any further evidence of its prior litigation is both irrelevant to the issues in this matter and would be overly prejudicial because none of its prior lawsuits were fraudulent. Defendants argue that Plaintiff's litigious nature is

clearly probative of its true motivations in bringing its claims, which Defendants allege is to simply get settlements and fees to "keep the doors open."

Evidence of a witness or party's prior acts is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Prior lawsuits by a party are considered "prior acts" that are generally not admissible under Rule 404(b). *See Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 975 (8th Cir. 2012) (citing *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008)). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "This type of evidence is admitted only when one of these legitimate purposes is at issue in the case." *Weitz*, 665 F.3d at 975 (citation omitted). Evidence of a prior lawsuit may be admitted if it is (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the lawsuit at issue. *See Batiste-Davis*, 526 F.3d at 380 (citations omitted). "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Id*. at 380-81 (quotation omitted).

The Court finds that Plaintiff has shown good cause to preclude Defendants from referencing Plaintiff's prior lawsuits beyond the number of prior instances in which Mr. Clark has been an expert witness for Plaintiff. Defendants' alleged motive for Plaintiff bringing this suit has no bearing on the substantive issues underlying Plaintiff's claims and is not admissible under Fed. R. Evid. 404(b)(2). *See Weitz*, 665 F.3d at 975. Also, permitting evidence of Plaintiff's litigiousness would be overly prejudicial because Defendants have not attempted to show that any

4

of Plaintiff's prior suits were fraudulent. *See Batiste-Davis*, 526 F.3d at 380-81. Accordingly, Plaintiff's request to bar Defendants from referencing Plaintiff's prior lawsuits, outside of Mr. Clark's prior expert appearances for Plaintiff, is hereby **GRANTED**.

### 3. Attorney's Fees

Plaintiff seeks to have the Court bar Defendants from referencing or offering testimony or evidence regarding the fact that Plaintiff may recover attorney's fees if it prevails. Plaintiff argues that attorney's fees are clearly a matter a law and not a question of fact relevant for a jury's consideration. Plaintiff also contends that any reference to its ability to collect attorney's fees in this matter is overly prejudicial. Defendants argue that a jury is entitled to know that Plaintiff derives most of its revenue from litigation. Defendants further argue that the Court should take notice of Plaintiff's willingness to accept nominal damages of $1.00 for its claims because this demonstrates that Plaintiff is not genuinely interested in the damages from its alleged claims but rather the potential attorney's fees. Defendants request that any jury instruction that contains an option to award nominal damages should also inform the jury that attorney's fees may be allotted to the prevailing party.

The Court finds that Plaintiff has shown good cause to bar Defendants from referencing that the prevailing party may be awarded attorney's fees. The allotment of attorney's fees to the prevailing party in an action pursuant to 42 U.S.C. § 1983 is a power reserved to the Court. *See* 42 U.S.C. § 1988(b). The topic of attorney's fees is also irrelevant to the substantive merit of Plaintiff's claims and the factual questions posed to the jury. Accordingly, Plaintiff's request to bar Defendants from referencing that the prevailing party may be awarded attorney's fees is hereby **GRANTED**.

### 4. HRDC Income from Lawsuits

Plaintiff seeks to have the Court bar Defendants from referencing or offering testimony or evidence regarding Plaintiff's income from lawsuits.  Plaintiff reiterates their arguments from request No. 3, emphasizing that it is not relevant to the substance of their claims and that it would be overly prejudicial even if it was relevant.  Defendants similarly reiterate their arguments from request No. 3, contending that the jury should be made aware that the instant litigation is not for the protection of rights but for the collection of income.

The Court finds that Plaintiff has shown good cause to bar Defendants from referencing Plaintiff's income from lawsuits.  The Court does not see any way in which this information is relevant to the substance of Plaintiff's claims and thus admissible.  Accordingly, Plaintiff's request to bar Defendants from referencing Plaintiff's income from lawsuits is hereby **GRANTED**.

### 5. Dismissal of Other Claims

Plaintiff seeks to bar Defendants from referencing that Plaintiff's claims against Defendants Ricky Roberts, Richard Mitcham, and Paul Krugler in their individual capacities have been dismissed.  Defendants state that they have no objection to this request.  Accordingly, Plaintiff's request to bar Defendants' reference to claims that have been dismissed is hereby **GRANTED**.

### 6. HRDC's Citizenship

Plaintiff seeks to have the Court bar Defendants from referring to HRDC as an "out-of-state" publisher or making similar statements.  Plaintiff argues that HRDC's citizenship is completely irrelevant to its claims and that mention of it could only serve to prejudice a jury against it or cause the jury to make its decisions on an improper basis.  Defendants make no specific argument in opposition to this request.

The Court finds that Plaintiff has shown good cause to preclude Defendants from making references to HRDC's out-of-state citizenship. HRDC's citizenship is not relevant to the substance of Plaintiff's claims and Defendants have not offered how it may be relevant to a substantive defense. Accordingly, Plaintiff's request to bar Defendants' reference to HRDC's citizenship is hereby **GRANTED**.

**7. Practice Location and Number of Plaintiff's Counsel**

Plaintiff seeks to have the Court bar Defendants from referencing that any of Plaintiff's counsel practice in another state or referencing the number of counsel for Plaintiff. Defendants argue that out-of-state attorneys should not be permitted to remain anonymous to the jury. Defendants also contend that courts typically request counsel to introduce itself and state their place of practice.

The Court finds that Plaintiff has shown good cause to preclude Defendants from making references to the place of practice of HRDC's counsel or the number of counsel. Neither topic is relevant to the substance of Plaintiff's claims and Defendants have not offered how they may be relevant to a substantive defense. Accordingly, Plaintiff's request to bar Defendants' reference to the number and practice locale of Plaintiff's counsel is hereby **GRANTED**.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion in Limine (ECF No. 71) is hereby **GRANTED**. Defendants are barred from referencing or introducing evidence and testimony related to the seven matters requested by Plaintiff in the instant motion.

**IT IS SO ORDERED**, this 1st day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge